**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0791-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN WRIGHT,

    Defendant-Appellant.

_____

Submitted June 6, 2017 — Decided August 7, 2017

Before Judges Yannotti and Sapp-Peterson.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 06-08-1412.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Gurbir S. Grewal, Bergen County Prosecutor, attorney for respondent (Suzanne E. Cevasco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin Wright appeals from the May 12, 2015 Law Division order denying his first petition for post-conviction relief (PCR). The PCR judge denied the petition without first conducting an evidentiary hearing. We affirm.

I.

A Bergen County jury returned an indictment charging defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(c) (count one); second-degree aggravated sexual contact, N.J.S.A. 2C:14-3(a) (count two); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three); and fourth-degree child abuse under N.J.S.A. 9:6-3 (count four). The charges, which occurred at defendant's home, arose out of defendant's sexual assault of the teenaged daughter of the woman with whom he had a dating relationship. Defendant, on occasion, cared for the victim and her sister while their mother was at work. The three of them also occasionally slept at defendant's home.

Defendant pled not guilty to the charges and proceeded to trial. The jury acquitted defendant of the first-degree aggravated sexual assault charge, but convicted him of two counts of third-degree aggravated sexual contact. The jury also convicted defendant of the endangerment charge and child abuse. The court sentenced defendant to a five-year probationary term, conditioned

upon concurrent 250-day custodial sentences on each conviction, at the Bergen County Jail. The court additionally imposed community supervision for life, pursuant to Megan's Law, N.J.S.A. 2C:7-2, as well as the requisite fines and penalties.

Defendant filed a direct appeal challenging the trial court's evidentiary rulings on fresh complaint evidence and the admissibility of the victim's prior statement to her uncle. Defendant also alleged reversible error in the court's failure to give the appropriate limiting instructions on the fresh complaint testimony and the repeated references to his incarcerated status. Additionally, defendant claimed reversible errors in the court's jury instructions. Finally, defendant alleged that his trial counsel was ineffective in failing to object to the trial court's failure to properly charge the jury on fresh complaint or to request a limiting instruction on the fact that the jury had been made aware of defendant's incarceration. In an unpublished opinion, we affirmed defendant's conviction. State v. Wright, Docket No. A-1470-08 (App. Div. Sept. 1, 2011) (slip op. at 8).

Defendant filed a pro-se PCR petition, alleging ineffective assistance of trial counsel in failing to proffer evidence showing the victim's motive. The court subsequently appointed counsel to represent him. Assigned counsel filed a brief on behalf of defendant, urging that the trial court denied defendant his right

to a fair trial due to its improper charges to the jury, defendant was provided ineffective assistance of counsel, the cumulative effect of the errors about which defendant complained rendered his trial unfair, defendant was entitled to an evidentiary hearing, and post-conviction relief should not be denied to him based upon any procedural considerations.

In an oral opinion the PCR court found that based upon a review of the record, it was clear defense counsel "was aware of the right to include the fresh complaint charge within the jury charges[,]" and that "counsel made a strategic decision not to include the fresh complaint charge." In addition, the PCR court noted that had it found that trial counsel had been ineffective, defendant would not be entitled to post-conviction relief because he failed to demonstrate that but for trial counsel's deficient performance, the outcome of the trial would have been different had the proper instruction been included.

Addressing defense counsel's failure to request a limiting instruction regarding the repeated references during the trial to defendant's incarceration, the PCR court determined that defense counsel made the strategic choice to use his incarcerated status to the defendant's advantage, putting forth evidence before the jury that the victim's mother visited defendant in jail and assisted in posting defendant's bail, implying that such conduct

4

on the part of the victim's mother was inconsistent with the mother believing her daughter's allegations.

Finally, the PCR court determined that defendant was not entitled to an evidentiary hearing because he failed to raise genuinely disputed issues warranting a hearing. The present appeal followed.

On appeal defendant raises the following arguments for our consideration:

> POINT I: THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE CASE REMANDED FOR A FULL EVIDENTIARY HEARING BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STRICKLAND/FRITZ TEST.
>
> A.    TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT REQUEST A JURY CHARGE ON THE FRESH COMPLAINT TESTIMONY.
>
> B.    TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT REQUEST A LIMITING INSTRUCTION REGARDING THE DEFENDANT'S INCARCERATION.
>
> C.    THE PCR COURT ERRED BY NOT GRANTING AN EVIDENTIARY HEARING.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

> It is well-settled that to set aside a conviction based upon a claim of ineffective assistance of counsel, a petitioner must

> prove, by a preponderance of the evidence,
> that (1) counsel performed deficiently, and
> made errors so serious that he or she was not
> functioning as counsel guaranteed by the Sixth
> Amendment; and (2) defendant suffered
> prejudice as a result. Strickland v.
> Washington, 466 U.S. 668, 687, 694, 104 S. Ct.
> 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698
> (1984); [] Preciose, [supra,] 129 N.J. [at]
> 459 (reciting preponderance of the evidence
> standard of proof); State v. Fritz, 105 N.J.
> 42, 58 (1987) (adopting Strickland standard).
>
> [State v. L.A., 433 N.J. Super. 1, 13 (App.
> Div. 2013).]

New Jersey has adopted Strickland's two-prong test. Fritz, supra, 105 N.J. at 58.

Under the first prong of the Strickland test, a defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. This requires a showing that counsel was so deficient, "counsel was not functioning as the counsel guaranteed by the Sixth Amendment. . . ." State v. Gaitan, 209 N.J. 339, 349-50 (2012) (citation and internal quotation marks omitted), cert. denied, 568 U.S. 1192, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013). Thus, "[t]his test requires [a] defendant to identify specific acts or omissions that are outside the wide range of reasonable professional assistance . . . ." State v. Jack, 144 N.J. 240, 249 (1996) (citation and internal quotation marks omitted). "The test is not whether defense counsel could have

done better, but whether he [or she] met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013).

To meet the second prong, "[a] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. A defendant must affirmatively prove prejudice to the defense. Id. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 697. Unless a defendant satisfies both prongs, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

A PCR analysis is conducted with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" State v. Arthur, 184 N.J. 307, 319 (2005) (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694-95). Furthermore, trial strategy failure alone is an insufficient basis to assert ineffective assistance of counsel. State v. Bey, 161 N.J. 233, 251 (1999) (holding that "[m]erely because a trial strategy fails does not

mean that counsel was ineffective"), <u>cert. denied</u>, 530 <u>U.S.</u> 1245, 120 <u>S. Ct.</u> 2693, 147 <u>L. Ed.</u> 2d 964 (2000).

Moreover, a defendant is not automatically entitled to an evidentiary hearing to address his contentions by simply raising a PCR claim. <u>State v. Cummings</u>, 321 <u>N.J. Super.</u> 154, 170 (App. Div.) (citing <u>Preciose</u>, <u>supra</u>, 129 <u>N.J.</u> at 462), <u>certif. denied</u>, 162 <u>N.J.</u> 199 (1999). An evidentiary hearing is required only when (1) a defendant establishes a <u>prima facie</u> case in support of PCR, (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record, and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. <u>State v. Porter</u>, 216 <u>N.J.</u> 343, 354 (2013) (quoting <u>R.</u> 3:22-10(b)); <u>see also R.</u> 3:22-10.

"A <u>prima facie</u> case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" <u>Porter</u>, 216 <u>N.J.</u> at 355 (quoting <u>R.</u> 3:22-10(b)). In other words, there are "material issues of disputed fact which cannot be resolved by reference to the existing record." <u>State v. Pyatt</u>, 316 <u>N.J. Super.</u> 46, 51 (App. Div. 1998), <u>certif. denied</u>, 158 <u>N.J.</u> 72 (1999). Mere bald assertions are not enough. <u>Cummings</u>, <u>supra</u>, 321 <u>N.J. Super.</u> at 170.

Defendant argues that the trial counsel's failure to request limiting instructions on the fresh complaint testimony and the fact of his incarceration following his arrest constituted ineffective assistance of counsel. We reject these contentions in both instances, although for different reasons.

We first address the absence of the limiting instruction on the use of fresh complaint evidence. Defendant claims that "the jury may have viewed the fresh complaint evidence as corroborative of the [victim's] testimony, resulting in the defendant's conviction." The fresh complaint doctrine "allows the admission of evidence of a victim's complaint of sexual abuse, otherwise inadmissible as hearsay, to negate the inference that the victim's initial silence or delay indicates that the charge is fabricated." State v. R.K., 220 N.J. 444, 455 (2015).

Statements qualify as fresh complaint evidence if they are "made spontaneously and voluntarily, within a reasonable time after the alleged assault, to a person the victim would ordinarily turn to for support." Ibid. However, evidence and facts elicited from such testimony are "not to be used 'to corroborate the victim's allegations concerning the crime.'" Id. at 456 (quoting State v. Bethune, 121 N.J. 137, 146 (1990)). Rather, only the bare minimum facts "to identify the subject matter of the complaint" are admitted. Ibid. Thus, courts are "required to

charge the jury that fresh[]complaint testimony is not to be considered as substantive evidence of guilt, or as bolstering the credibility of the victim; it may only be considered for the limited purpose of confirming that a complaint was made." Ibid.

The trial court inquired of defense counsel whether counsel would be making a fresh complaint argument during summation. Defense counsel responded, "No judge." Hence, as the PCR judge observed, "it seems clear defense counsel was aware of the right to include the fresh complaint charge within the jury charges." The PCR judge then concluded, as the State urged, the decision not to include a fresh complaint charge in the jury instructions was a strategic decision.

During oral argument before the PCR judge, the State urged that the decision not to seek a limiting instruction was strategic because defense counsel spent a lot of time during cross-examination of the uncle inquiring about what the uncle did after his niece confided in him and that the uncle testified that he went away for the weekend. The State argued that defense counsel used this testimony to attack the victim's credibility and, under those circumstances,

> [w]hy then ask for a limiting instruction
> later that's only going to remind the jury oh,
> by the way, this testimony could hurt the
> defendant, when you already damaged the
> State's witness. You already helped the

A-0791-15T2

> defendant with this testimony. It's all strategic. And we don't need the testimony of defense counsel to then say well, yeah, it was strategic.

PCR counsel urged that resolution of this issue called for an evidentiary hearing and to resolve this issue without such hearing would, in essence, "be doing the very thing the Appellate Division has already opined can't be done[.]"

In our review of the record, it is not apparent that the failure to request a limiting instruction at the time the victim's uncle testified or as part of the court's final instructions to the jury was a strategic decision by defense counsel. As PCR counsel noted before the PCR judge, this issue was raised in defendant's direct appeal and we declined to address it because it implicated matters outside of the record. See State v. Wright, supra, Docket No. A-1470-08 (App. Div. Sept. 1, 2011) (slip op. at 15). The PCR judge determined that this was a strategic decision on the part of defense counsel, but did so without the benefit of any additional evidence, e.g., a certification from trial counsel or testimony from trial counsel. In the absence of such additional evidence, we decline to draw such an inference. Thus, we assume defendant has satisfied the first prong under Strickland, namely, that the failure to request the limiting instruction on fresh complaint did not reflect the exercise of

reasonable professional judgment. Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

As the record reveals, however, during his testimony, defendant acknowledged that he occasionally cared for the victim and her sister while their mother worked. He was doing so on the evening of the incident. Defendant denied telling police during questioning that he laid down next to the victim, during which his erect penis rubbed up against her. As we concluded in our unpublished opinion, this evidence, if credited by the jury, "constituted compelling evidence of each of the offenses for which he was convicted[,]" independent of the fresh complaint evidence. State v. Wright, supra, Docket No. A-1470-08 (App. Div. Sept. 1, 2011) (slip op. at 13). Consequently, there is no reasonable probability that but for trial counsel's failure to request the limiting instruction, the result of the trial would have been different. Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

We turn to defendant's contentions that he was prejudiced by the numerous references throughout the trial to his incarcerated status and that his counsel's failure to request a limiting instruction constituted ineffective assistance of counsel. We disagree.

12

In his opening statement, defense counsel advised the jury that it would hear testimony that the victim's mother never believed her daughter's allegations against defendant. Defense counsel presented evidence that the victim's mother visited defendant while incarcerated, assisted in posting his bail, and continued to date him and support him against the charges until defendant started dating another woman. The PCR judge reasoned that although counsel initially objected to the State's line of questioning, which included a reference to defendant's incarcerated status, defense counsel "capitalized on any references of defendant being in the county jail[,]" and "used this to his advantage[.]" We agree.

Here, the references to defendant's incarceration could hardly be deemed surprising to the jury as they knew he had been arrested and charged with the crimes. Moreover, defense counsel ably used his own references to defendant's incarceration to show that the victim's mother continued to support defendant, and only believed the victim's allegations after defendant had been released from prison and dating another woman. This usage demonstrates a strategic trial decision, one that is not incompetent or unreasonable. In addition, even if defense counsel had been unreasonable, defendant fails to show how the verdict would have been different.

Finally, the PCR judge found that an evidentiary hearing was not warranted, concluding that defendant failed to present a prima facie case of ineffective assistance of counsel. We agree.

Neither defense counsel's failure to request a limiting instruction on the fresh complaint testimony nor references throughout the trial to defendant's incarcerated status, prior to making bail, raise materially disputed facts that but for these omissions the outcome of the trial for defendant would have been different. Therefore, the court did not abuse its discretion in declining to conduct an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0791-15T2